## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MORTGAGE ELECTRONIC** ) | |
| **REGISTRATION SYSTEMS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. PWG-13-2921** |
| ) | |
| **MARTIN ONYEGBADO,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### REPORT ANDN RECOMMENDATION

This Report and Recommendation addresses Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS")'s Motion for Default Judgment.  ECF No. 20.[1]  Defendants Martin Onyegbado and Adaku Onyegbado have not filed a response and the deadline for the response elapsed on May 30, 2014.  *See* Loc. R. 105.2.a.  Having reviewed the filings, no hearing is deemed necessary.  *See* Loc. R. 105.6.  For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendation, Plaintiff's Motion for Default Judgment be GRANTED.

## I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff MERS is a Delaware corporation with its principal place of business in Vienna, Virginia.  MERS operates a national mortgage loan registry system.  ECF No. 1 ¶ 1.  At all times relevant to issues outlined in the Complaint, MERS is "the beneficiary of, and nominee for BNC Mortgage, Inc. ("BNC") pursuant to, a deed of trust ("Deed of Trust") dated January 26, 2007,

---

[1] On May 15, 2014, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Grimm referred this case to the undersigned to review a default judgment and/or make recommendations concerning damages.  ECF No. 21.

encumbering certain property located at 8412 Myrtle Avenue, Bowie, Maryland (the "Property")." *Id.*

Defendant Martin Onyegbado ("Mr. Onyegbado"), based upon information and belief, is a resident of Prince George's County, Maryland and a record owner of the Property. *Id.* ¶ 2. Defendant Adaku Onyegbado ("Mrs. Onyegbado"), based upon information and belief, is a resident of Prince George's County, Maryland and a record owner of the Property. *Id.* ¶ 3. Defendants Mr. Onyegbado and Mrs. Onyegbado are husband and wife, based upon information and belief. *Id.* ¶ 4. Defendant, United States of America, may or may not have a claim of interest in the Property. *Id.* ¶ 5.

By deed dated June 17, 2004, Fernandez L. Ealy and Davitta B. Ealy, as grantors, conveyed the Property to Mr. Onyegbado, as grantee (the "Ealy Deed"). This Ealy Deed was subsequently recorded among the land records of Prince George's County, Maryland on September 27, 2004 at Liber 20417, page 279. *Id.* ¶ 8; ECF No. 1-1 at 1. Mr. Onyegbado financed the purchase of the Property via two mortgage loans in the amounts of $250,400.00 and $62,600.00[2] issued by Fremont Investment & Loan ("Fremont"). The two mortgage loans were secured by two deeds of trust with Fremont and were dated June 17, 2004. These deeds of trust were subsequently recorded among the land records of Prince George's County, Maryland on September 27, 2004 at Liber 20417, page 287 (1st mortgage) and at Liber 20417, page 308 (2nd mortgage). ECF No. 1 ¶ 9; ECF Nos. 1-2, 1-3.

On January 25, 2007 Mr. Onyegbado executed a deed (Intra-Family Transfer Adding Wife) whereby Mr. Onyegbado, as grantor, conveyed the Property to himself and Mrs. Onyegbado, as husband and wife, the grantees. *See* ECF No. 1-4. This transfer was

---

[2] In the Complaint for Reformation of Deed of Trust, MERS misidentifies the value of the 2nd mortgage as $62,500.00. *See* ECF No. 1 ¶ 9. Exhibit C to the Complaint lists the amount of the 2nd mortgage as $62,600.00. *See* ECF No. 1-3 at 2.

subsequently recorded on February 12, 2007 in the land records of Prince George's County, Maryland at Liber 27139, page 538.  ECF No. 1 ¶ 10.  In connection with this January 25, 2007 transfer, Mr. Onyegbado refinanced the Property by obtaining a cash-out refinance deed of trust in the amount of $405,000.00 with BNC dated January 26, 2007.  This Refinance Deed of Trust was subsequently recorded on February 12, 2007 in the land records of Prince George's County Maryland at Liber 27139, page 541.  *Id.* ¶ 11; ECF No. 1-5.  This Refinance Deed of Trust does not list Mrs. Onyegbado as a borrower.

Proceeds from the Refinance Deed of Trust were used to pay off the 1st and 2nd mortgages originating in 2004 as reflected by the Certificates of Satisfaction executed on February 17, 2007 and recorded among the land records of Prince George's County at Liber 27785, page 193 and Liber 27785, page 131.  ECF No. 1 ¶ 12; ECF Nos. 1-6, 1-7.  A balance of $70,491.78 remained from the refinanced mortgage after the 1st and 2nd mortgages were paid off.  Based upon information and belief, MERS contends Mr. and Mrs. Onyegbado used the balance of the cash-out refinance transaction to pay off other debts owned jointly.  ECF No. 1 ¶ 13; ECF No. 1-8.  The Settlement Statement reflecting a post-paid off mortgages disbursement of $70,491.78 lists Mr. Onyegbado only as the borrower.  *See id.*

MERS alleges, due to a scrivener's error and/or mutual mistake, Mrs. Onyegbado's name "was inadvertently omitted from the Refinance Deed of Trust as a borrower, thereby defeating the intended effect and purpose of the Refinance Deed of Trust."  ECF No. 1 ¶ 15. "Alternatively, due to a mutual mistake of fact, BNC inadvertently recorded the Onyegbado Deed and Refinance Deed of Trust in reverse order, thereby defeating the intended effect and purpose of the Refinance Deed of Trust."  *Id.* ¶ 16.  MERS contends it was the intention of BNC to encumber both Mr. and Mrs. Onyegbado's interests in the Property with the Refinance Deed

of Trust.  Moreover, MERS alleges both Mr. and Mrs. Onyegbado intended to encumber their interests in the Property by executing the Refinance Deed of Trust.  *Id.* ¶¶ 17-18.

On September 11, 2011 the United States of America issued a Notice of Federal Tax Lien against Mr. Onyegbado only.  This tax lien was filed with the Circuit Court for Prince George's County on November 1, 2011.  *Id.* ¶ 19.  MERS claims this tax lien is junior in priority to the Refinance Deed of Trust.

This Court's jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Pursuant to 28 U.S.C. § 1391 venue is proper in this district because the Property which is the subject of the action is situated in Prince George's County, Maryland, which lies within this judicial district.

On October 3, 2013 "Summons in a Civil Case" were issued to Martin Onyegbado, Adaku Onyegbado and the United States of America.  *See* ECF No. 3.  The two Summons served on the United States of America were returned executed.  *See* ECF Nos. 4-5.  On January 24, 2014 the United States of America filed a Notice of Disclaimer of Interest.  "Defendant United States of America has not filed a formal Answer and does not plan to participate in the case." ECF No. 11 at 1.

Meanwhile, unable to serve Mr. and Mrs. Onyegbado, on December 20, 2013 MERS moved for alternative service, *see* ECF No. 8, which the Court subsequently granted, *see* ECF No. 12.  MERS served Mr. and Mrs. Onyegbado by publishing a notice of the Summons and Complaint for three successive weeks (February 27th, March 6th and March 13th, 2014) in The Washington Post.  *See* ECF No. 16.  Mr. and Mrs. Onyegbado did not file an Answer or otherwise respond to MERS's Complaint.  On April 4, 2014 MERS moved for Clerk's Entry of

Default for want of answer or other defense against each Defendants Martin Onyegbado and Adaku Onyegbado. *See* ECF No. 17. Ten days later the Clerk of Court entered an Order of Default against Mr. and Mrs. Onyegbado. *See* ECF No. 18. On May 13, 2014 MERS moved for default judgment as to Mr. and Mrs. Onyegbado. *See* ECF No. 20.

MERS does not seek monetary damages. MERS instead requests the following relief: (a) reformation of the Refinance Deed of Trust *nunc pro tunc* to the date of its recordation to include Mrs. Onyegbado's name as a borrower, (b) declaration that the Refinance Deed of Trust retains its first priority position and (c) notification to the Clerk of the Circuit Court for Prince George's County to record this Court's Order among the land records of Prince George's County, Maryland. ECF No. 1 at 8.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Additionally, when a defendant is an individual, the plaintiff must certify or declare to be true under penalty of perjury whether the defendant is in military service. 50 U.S.C. app. § 521(b)(1) ("In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.").

The entry of default judgment is a matter within the discretion of the Court.  *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).  As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'"  *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).  Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'"  *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action."  *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.")

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]" *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

### A.     Liability

Four months have elapsed since Mr. and Mrs. Onyegbado were served MERS's Complaint, yet they have not pleaded or otherwise asserted a defense by filing an Answer. As a result, all of the factual allegations made in MERS's Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. MERS moved for a default judgment on May 13, 2014, and Mr. and Mrs. Onyegbado have not responded. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp.*

*v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).   Accordingly, the Court should grant default judgment on the Complaint for Reformation of Deed of Trust if MERS establishes the liability of Defendants Martin Onyegbado and Adaku Onyegbado.[3]

That accepting as true MERS's well-pleaded allegations (with supporting documentation), the undersigned finds MERS has proven the following:

(a) Martin Onyegbado purchased the Property on June 17, 2004 by obtaining two mortgage loans which were secured by two deeds of trust.  Those deeds of trust were subsequently recorded in the land records of Prince George's County, Maryland;

(b) On January 25, 2007 Martin Onyegbado executed a deed whereby he transferred the Property he owned exclusively to himself and his wife, Adaku Onyegbado.  This transfer was recorded in the land records of Prince George's County, Maryland on February 12, 2007;

(c) On January 26, 2007, a day after the intra-family transfer adding his wife to the Property, Martin Onyegbado refinanced the Property by obtaining another mortgage, thereby paying off the original 1st and 2nd mortgage loans from 2004 as reflected by two Certificates of Satisfaction recorded in the land records of Prince George's County, Maryland.  A balance of $70,491.78 of the refinanced loan remained after payment of the mortgages which was given as cash to Martin Onyegbado and his wife, Adaku Onyegbado.  The deed of trust for the refinanced

---

[3] MERS has submitted a Status Report Pursuant to Servicemembers Civil Relief Act (a certificate) from the Department of Defense Manpower Data Center indicating Martin Onyegbado is not a member of the United States military.  ECF No. 20-2 at 85. According to the sworn declaration of MERS's counsel, MERS does not have access to Adaku Onyegbado's (Mrs. Onyegbado) social security number or date of birth.  "Therefore, MERS is unable to determine, through the Department of Defense Manpower Data Center, whether or not Mrs. Onyegbado is a member of the United States military."   ECF No. 23 at 1 (Cumings Decl. ¶ 4).  *See* 50 U.S.C. app. § 521(b)(4) ("The requirement for an affidavit under paragraph (1) may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.").

mortgage loan is recorded among the land records of Prince
George's County, Maryland;

(d) Adaku Onyegbado, the wife of Martin Onyegbado, is
not listed as a borrower on the Refinance Deed of Trust; and

(e) That due to scrivener's error or mutual mistake, Adaku
Onyegbado was omitted as a borrower from the refinanced
mortgage loan since she and her husband hold title to the Property
as tenants by the entirety, or the refinanced deed of trust listing
Martin Onyegbado individually was improperly recorded after the
deed for intra-family transfer adding wife.

Accordingly, MERS has established Martin Onyegbado and Adaku Onyegbado's liability and
therefore a default judgment as to reformation of the refinance deed of trust as outlined in
MERS's Complaint is proper.

**B.     Damages**

MERS does not seek monetary damages but instead equitable relief. The undersigned
nevertheless needs to make an independent determination whether the relief sought is
appropriate.

Defendant Martin Onyegbado added his wife Adaku Onyegbado on the title of the
Property. He intended that they own the Property jointly. The records reveal one day separates
Adaku Onyegbado being added to the title of the Property and the refinancing of the mortgage.
The omission of Adaku Onyegbado from the refinance deed of trust is attributable to a mutual
mistake or a scrivener's error. Under these circumstances the equitable relief sought by MERS is
appropriate.

## RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiff's Motion for Default Judgment as to Martin Onyegbado and
Adaku Onyegbado (ECF No. 20);

(b) That the Court issue an Order reforming the Refinance Deed of Trust recorded at Liber 27139, page 541, *nunc pro tunc*, to the date of its recordation to include Adaku Onyegbado as a Grantor of the instrument as if her name had been included as a part of the preparation of the instrument and as if she had executed and acknowledged the instrument on January 26, 2007 with her husband, Martin Onyegbado, who executed the same as borrower;

(c) That the Court direct Plaintiff, upon entry of this Court's Order, to record such Order among the land records of Prince George's County, Maryland; and

(d) The Court grant any other and further relief as it deems appropriate.

July 10, 2014                                    _____/s/_____
DATE                                             WILLIAM CONNELLY
                                                 UNITED STATES MAGISTRATE JUDGE